NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EUGENE DAVIS,<br><br>                Petitioner-Appellant,<br><br>  v.<br><br>HIGH DESERT STATE PRISON, Warden,<br><br>                Respondent-Appellee. | No.   15-17083<br><br>D.C. No.<br>2:05-cv-01179-KJD-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted October 16, 2017[**]
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and EZRA,[***] District
Judge.

Nevada state prisoner Eugene Davis appeals the district court's denial of his

28 U.S.C. § 2254 habeas corpus petition challenging his conviction for first degree

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

kidnapping and attempted murder.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1.  The district court properly held that none of Davis' ineffective-assistance-of-counsel claims met the "substantial" standard required to excuse procedural default.  *See Martinez v. Ryan*, 556 U.S. 1, 16 (2012).  While Davis' trial and appellate counsel's representation was far from ideal, their conduct fell "within the wide range of reasonable professional assistance."  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  *See Evitts v. Lucey,* 469 U.S. 387, 394 (1985); *Harrington v. Richter,* 562 U.S. 86, 106 (2011); *Elmore v. Sinclair*, 799 F.3d 1238, 1251 (9th Cir. 2015).  Davis cannot overcome the high bar established in *Strickland* and the district court properly denied relief.

2.  The Nevada Supreme Court reasonably determined that even though defense counsel at trial engaged in little, if any, investigation, his representation of Davis was not ineffective.  We apply "a heavy measure of deference to counsel's judgments" regarding the scope of investigation and presume "that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect."  *Strickland*, 466 U.S. at 691; *Harrington*, 562 U.S. at 109.  Under the doubly deferential standard of AEDPA and *Strickland*, we cannot conclude that the state courts were objectively unreasonable in rejecting the contention that Davis' counsel was ineffective in his investigation of the case.

2

**AFFIRMED.**